■ In the Matter of MARIONO V., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order of disposition of the Family Court, New York County (Schechter, J.), entered December 6, 1983, which adjudicated appellant a juvenile delinquent and placed him on probation for two years after a fact-finding determination dated May 17, 1983, that appellant had committed acts, which if committed by an adult, would constitute the crimes of criminal possession of a weapon in the fourth degree and unlawful possession of a weapon (by a person under 16 years of age), is unanimously reversed, on the law, the motion by appellant to suppress the gun granted and the petition dismissed, without costs.

Appellant's behavior was completely innocuous when he was approached by the police. He began running up a flight of stairs but was forcibly apprehended by a police officer. Appellant discarded the weapon as he was apprehended. As conceded by respondent, Family Court erred in not suppressing the pistol as evidence upon the authority of *People v Howard* (50 NY2d 583). The Court of Appeals declared there (p 592): "Defendant's flight, had there also been indicia of criminal activity, would have been an important factor in determining probable cause [citations omitted], but where, as here, there is nothing to establish that a crime has been or is being committed, flight, like refusal to answer, is an insufficient basis for seizure or for the limited detention that is involved in pursuit".

The officer eschewed all lesser levels of intrusion such as requesting information or following and observing appellant. He immediately exercised the ultimate police authority by physically grabbing and halting appellant. In the absence of articulated reasons associating appellant with criminality, his flight alone did not justify forcible detention (*People v Howard, supra*). Likewise, the gun, which was discarded as a direct and spontaneous result of the illegal police action, cannot be deemed abandoned by appellant (*People v Howard, supra*). With the suppression of the weapon, the evidence of appellant's guilt of criminal possession of a weapon is legally insufficient. The fact-finding determination and the order of disposition must therefore be reversed and the delinquency petition dismissed. Concur — Sullivan, J. P., Asch, Bloom and Kassal, JJ.